STARR (UNITED STATES v.). See Case No. 16,379.

STARR. The SARAH. See Cases Nos. 12,352–12,354.

STARR. The SARAH. See Cases Nos. 105 and 106.

STARRETT (PERRY v.). See Case No. 11,012.

---

## Case No. 13,320.

STAR SALT CASTER CO. et al. v. CROSSMAN et al.

[4 Ban. & A. 566.] [1]

Circuit Court, D. Massachusetts. Oct., 1879.

PATENTS—INFRINGEMENT—MEASURE OF DAMAGES —ROYALTY.

1. The rule, that the profits, which a plaintiff who has made and patented an improvement upon an existing machine or manufacture, is to recover, must be those only which can be proved to have resulted from his particular improvement upon the existing machine or manufacture, and that the burden of proof of such profits is upon him, stated and applied.

2. In the case of infringing articles made and sold, an established royalty is the proper measure of damages.

[Cited in Stutz v. Armstrong, 25 Fed. 147.]

[This was a bill in equity by the Star Salt Caster Company and others, against Charles P. Crossman and others, for the infringement

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

of letters patent No. 71,643, granted to G. B. Richardson, December 3, 1867.]

T. Weston. Jr., for complainants.
George A. Bruce, for defendants.

LOWELL, Circuit Judge. The provision of law which gives a complainant in equity, whose right is established and has been infringed, the right to recover damages in addition to profits, appears to intend that he may have either profits or damages as may be most for his advantage in the particular case. To this end, the profits may be assessed by the master, and, if they prove inadequate. that is to say, if they prove to be less than the damages. a sum may be added to make up the difference. which brings the decree simply to an assessment of damages. Several such decrees have been entered in this district and circuit. There is, however. a noticeable reluctance in the courts to add damages when the profits are a substantial sum, and very clear proof is required before the addition will be made. See Birdsall v. Coolidge, 93 U. S. 64; Marsh v. Seymour, 97 U. S. 348; Buerk v. Imhaeuser [Case No. 2,107]; Carew v. Boston Elastic Fabric Co. [Id. 2,397].

The profits were estimated by the master, in this case, and damages were added. The evidence is not reported. and I can, therefore, only say that, excepting for reasons presently to be mentioned, the master's theory appears to be entirely valid. Neither party, however, brought to the notice of the master two facts which appear upon the record, and which should have a vital influence on the decision. I consider myself bound to take notice of these facts, because the counsel were not very familiar with the mode of accounting in these suits, and ought not to be concluded, under the circumstances, by their omission to observe these facts.

The first point touches the profits. The improvement for which the plaintiffs hold a right under their two patents is in pulverizers for salt bottles; and the profits appear to have been estimated upon the manufacture and sale of the bottles themselves. The rule is now well settled, that the profits which a plaintiff is to recover must be those only which can be proved to have resulted from his particular improvement upon the existing machine or manufacture, and that the burden of proof is upon him to show what his profit was. The rule, though just, is at times harsh in its operation. There are several reported cases, in which patentees, who are proved and admitted to have made valuable improvements which have controlled the market for the whole machine, have recovered merely nominal damages, from their inability to make out what value was to be attached to their part of the new machine. See Blake v. Robertson, 94 U. S. 728; Goulds Manuf'g Co. v. Cowing [Cases Nos. 5,642, 5,-643]; Ingersoll v. Musgrove [Case No. 7,040]; Garretson v. Clark [Id. 5,248]; Schillinger v. Gunther [Id. 12,457]. In this district, the very

competent master, Mr. Stetson, who has, by consent of the parties, been called upon to audit most of these cases, has succeeded in some cases in dividing the profits. Such was. the case of Holbrook v. Small (1877) [Id. 6,-595], in which he attributed three parts out of ten in the profits of seed sowing machines to the patented devices; and both parties were satisfied with the finding.

In Child v. Boston & F. Iron Works (1877) [Case No. 2,674], the same master found, under the peculiar facts, that all the profits belonged to the invention. In this case, if I read the report correctly, the master was not asked to find how much of the profit on the bottles was due to the pulverizers contained in them, and he, therefore, very naturally reported the whole.

The other point relates to damages. It appears that for five successive years the defendants. Morey & Smith. were manufacturing under licenses from the plaintiffs, or from those with whom the plaintiffs are privies, and I should suppose that the royalties, then fixed by the parties, would be the true measure of damages. If this be so, there is no danger that the plaintiffs will be sent out of court with the barren victory of a nominal decree. I would, therefore, suggest to the parties, that they should assess the royalties without further reference. Of course there may be evidence, not before me, which will change the appearance of the case, and I cannot refuse to recommit the report, if either party asks for such action; but an established royalty is so clearly and properly the usual measure, in case of articles made and sold, that it would not be departed from without good cause shown.

Report to be recommitted, if either party requires it.